27 C.C.P.A. (Patents)

## In re GOESSLING.
### Patent Appeals No. 4197.

Court of Customs and Patent Appeals.
Jan. 4, 1940.

James A. Carr and Joseph J. Gravely, both of St. Louis, Mo. (Francis D. Stephens, of Washington, D. C., of counsel), for appellant.

Howard S. Miller, of Washington, D. C., for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

Appellant applied to the United States Patent Office for a patent relating to an alleged invention in a process and apparatus for embossing or shaping celluloid tubing such as is used in making pens, pencils and the like. The claims—1 to 8, inclusive, and 23—relating to the apparatus were all rejected by the Primary Examiner, and upon appeal to the Board of Appeals his decision was affirmed, whereupon appeal has been taken here. No process claims are involved.

In forming the shape of celluloid tubing, appellant employs a set of three cooperating rolls each containing a pass or a groove. Claim 1 calls for an apparatus which will give the tubing an external polygonal shape. Claim 23 calls for the tubing to be given a hexagonal shape. All the other claims specify that the grooves contain portions having different elevations so as to give an embossed or ornamental grooved effect to the tube. Claim 5 calls for a roll for rolling tubing of celluloid, in the groove of which roll is a raised web for causing a recess in the tube, such recess as would be desirable if filling apparatus for a fountain pen were desired.

The references relied upon are: Clifford et al., 371,424, October 11, 1887; Buschick et al., 384,422, June 12, 1888; Dittmar et al., 773,854, November 1, 1904; Dittmar et al., 773,855, November 1, 1904; Hamilton, 1,153,550, September 14, 1915; Neidich, 1,822,538, September 8, 1931; Neidich, 1,837,471, December 22, 1931.

Appellant in his brief points out that claim 1 is illustrative of claims 1 and 2 and that claims 3 and 7 are typical of claims 3, 4, 6, 7, 8 and 23. He then calls attention to the features of claim 5 which are above referred to. Claims 1, 3, 5 and 7 follow:

"1. An apparatus for changing the external shape of tubing of celluloid and the like by longitudinal rolling comprising a set of cooperating rolls each having a pass groove therein thereby forming cylindrical tubing into tubing of polygonal external shape.

"3. A roll for shaping and embossing tubing of celluloid and the like having a pass groove therein, a side of said groove having portions of different elevation for embossing the tube being rolled.

"5. A roll for rolling tubing of celluloid and the like having a pass groove therein, a side of said groove having a raised web for recessing the tube being rolled.

"7. An apparatus for embossing and externally shaping tubing of celluloid and the like by longitudinal rolling compris-

ing a set of at least three cooperating rolls having cooperating grooves of angular shape forming a pass of at least six sides, one of said grooves having a side provided with portions of different elevation for embossing the tubing being shaped by said rolls."

In applying the references to the claims, the examiner stated:

"The references Dittmar et al., Hamilton, Clifford et al and Buschick et al, disclose rolling machines having closed, or substantially closed, 'passes' and designed for shaping or ornamenting such materials as wood, metal or (in Hamilton) 'tubular shaped handles of stenographic pens, pencils and other tubular members.' The Neidich references illustrate the forming of celluloid by other means than rolling, as in the present instance.

"The claims have been rejected on the ground that, since the art shows the specific roll arrangement to be old, and since it is old to mold celluloid while softened, it would not require invention to adapt the machines of the art to the shaping of celluloid, if such adaptation were necessary. It is submitted that this viewpoint is correct, and that it would merely be a question of design to effect such adaptation of the known machines."

The board agreed with the examiner and applied the references as had the examiner and then stated:

"Appellant argues that the references do not show combined shaping and decorating devices. It is considered that the Dittmar et al. patents show shaping and decorating broadly and that it would not amount to invention to modify the Hamilton roller structure to apply cross sectional shaping in addition to the engraving and ornamenting shown in that patent.

"We have considered appellant's arguments but are of the view that the claims are unpatentable in view of the references and for the reasons given, the rejection is accordingly affirmed."

The Dittmar et al., Hamilton, Clifford et al. and Buschick et al. patents disclose rolling machines having closed or substantially closed "passes" designed for shaping articles of such materials as wood or metal, and in Hamilton reference is made to shaping "tubular shaped handles of stenographic pens, pencils, and other tubular members." The Neidich patents

show the shaping of celluloid by other means than rolling through an orifice or pass. The Clifford et al. and Buschick et al. patents disclose grooved rolls for shaping the outside of wires or nails or similar structures.

As may be observed from the above-referred-to art, it was old to shape articles by rolling and it was old to mold or roll so as to get an ornamental configuration if desired. No invention is seen in making the pass through the rolls take such form as to produce hexagonal or other polygonal shapes, nor would it amount to invention to so shape it as to bring about a cross sectional ornamentation effect. Likewise, we think, it does not amount to invention to put a web or high portion on the roll so as to produce a recess in the article, if a recess is desired.

In discussing the references, appellant in his brief states: "As appears from the foregoing description of the prior art citations, none shows a rolling mill for the longitudinal rolling of celluloid tubing to shape it externally and none, in fact, shows a longitudinal rolling mill for both shaping and decorating tubing of any kind. * * *"

Appellant further argues that some of the references relate to nonanalogous art. Insofar as they relate to the shaping of articles other than celluloid, appellant states that they operate in a different manner and produce a different kind of work.

The board stated that the Dittmar et al. patents show shaping and decorating broadly and that it would not amount to invention to modify the Hamilton roller structure to apply cross sectional shaping in addition to the engraving and ornamenting shown in those patents.

With the board's conclusion we agree. Conceding that appellant has a rolling mill which he states is a "tremendous forward step in the field of making decorated articles of celluloid and the like," it is well known that much of the improvement that is made on machinery is the result only of mechanical skill suggested by knowledge of the prior art. The patent laws do not contemplate that every improvement, even though of great utility, should warrant the improver being given a monopoly upon the manufacture and sale of the same. One entitled

to a patent must not only obtain novel and useful results, but his device must be the result of inventive genius.

The decision of the Board of Appeals is affirmed.

Affirmed.